Good morning. This is case number 4-13-0949, People's State of Illinois v. Ramachandran. See, Attorney Dodeghi is here on behalf of the appellee and Attorney Naki is here on behalf of the appellant. Are you ready to proceed, Mr. Naki? Am I saying your name correctly? Yes, ma'am. Okay, good. Right up here. Good morning, Your Honor. Good morning. What I'd like to start with is the first cause of action here, that the defendant's daughter's audio recording was improperly admitted by refusal of a motion in limine. To start, this is a Class 1 felony case. I would say this is a highly emotionally charged case. In this matter, on November 8, 2012, a motion in limine was filed to prevent the admittance of a 911 take, which involved the youngest daughter calling 911, talking to the police that her oldest daughter was being molested. In this case, the major issue at play is the actual knowledge of the sexual abuse going on. This video that was allowed to be shown does not address this and at most shows the prong that there was abuse, there was sexual abuse going on. As I said, as I'm going to say, this is abuse of discretion of standard, according to People v. Harvey. This is evidence that could have easily been brought out and was brought out by testimony by both of the daughters. Didn't your client deny it? What? Didn't your client deny it? Deny what, Your Honor? Their testimony. Say it didn't happen. They denied part of what, as far as the 911 take at that point, there was at one point to where you could say it was denied, you could say she was denied. What was denied is there was a story come up. I don't, at that time, it was a rash, it was a panic. Your client said she didn't know about this and it didn't happen. Well, that is true, Your Honor. So why isn't evidence that suggests that it happened and that she knew about it, proven? Because I don't think this evidence really says that. Because what this evidence basically says, there's no identification, there's no, my client's name was not mentioned in this 911 tape. All this 911 tape says is that my sister is being molested. Whereas I said before, what my concern is, is that the main problem is the actual knowledge and this does not address this. This is more, this would more invoke the passion of the jury. This would more cause them to possibly act more reasonably. And as I said, it offers little value compared to what the testimony was. And it doesn't, far outweighs the value it gives. Rule 403, evidence can be excluded if it's proven value. So no reasonable person could have found this to be probative and admissible? It could be. As the judge said, I don't think it's a question of if it's relevant. It's just a question of is the relevance, does it outweigh the prejudicial effect. So no reasonable person could have found this evidence which was relevant not to be outweighed by its prejudicial effect? I don't think so, Your Honor. Counsel, were you the trial attorney in this case? No, I was not, Your Honor. Our law firm was hired after this trial. It was a different law firm in the Bloomington area that handled this case. Well, the trial attorney filed a motion for judgment notwithstanding the verdict or something along those lines. He filed a post-trial motion. Yes, Your Honor. Do you know if the court ever ruled on the post-trial motion? I believe they ruled. They did not rule in favor of my client in the post-trial motion. All I did not get to see, I went over that briefly. I think I briefly saw that in the process file, but I was focusing more on the appeals portion of the case. Because no transcript was supplied with the record at the post-trial hearing, apparently. So there's nothing that we see, I think, that shows that that post-trial motion was ruled on. But as far as you know, it was. It was denied, obviously. Exactly, Your Honor. But as I said, I'm not even sure how much evidence. When I said I've seen it, I think I might have seen something like a docket entry is what I think I believe I went off of. And then the count, I'd like to address count two. The ineffective assistance of counsel for the defendant was established and prejudice was shown. I'm going to go, once again, I'm going to go back to the same thing. The motion in limine was filed, but the defense counsel failed to file an objection to the mittens of the 911 tape in the trial. Now, what the prosecution, or what the plaintiff is going to say is that this is, this already was, it's not going, it's not, it's an unfair, it's an unfair motion, or it's not, it's not, it's not a worthwhile motion. But in this case, especially after testimony from both the sister and the younger sister, there is, in our case, there is serious reasonable doubt to definite knowledge. Let's back up a minute. Okay. Did SR testify? Yes. And did the victim testify? Yes. And did they report that they made the call, one of them made the call? Yes. And your, as Justice Steigman noted, your client initially denied knowledge of the call and the reason for the call. Yes, initially. Okay. So, what is a fact finder supposed to think about the testimony regarding the bloody nose and the call without the background of a 911 call being made? I think the background was sufficiently established throughout the testimony of the 911 call. Well, then how is there any prejudicial effect to the child who made the call, who is younger, I think, than the victim, and who testifies, I was trying to protect my sister. The words spoken have such a prejudicial effect that they outweigh the fact that two witnesses testify in regard to why the call was made and what happened after the call? I think so, Your Honor. I don't understand that. Explain it to me. Because what I believe in this case... They hear a quavering voice? Yes. Yes, Your Honor. And in the context of this case, where the victim is essentially talking about her mother selling her, in effect. No, Your Honor. Well, all right, and more limited, she's pimping her out. No, Your Honor, I don't believe so. Well, that's the state's theory. That is the state's theory. All right, then if that's the theory, and that's what they're trying to prove up, what does the quavering voice add? I mean, this is already a case where a fact finder is sitting there, they're quaking. As I said, I think this adds prejudicial value to the case. I think that there's a serious question of knowledge. I think this video, or this 911 tape, what it does, it bridges this gap, and I think this is what makes the state's case. I don't think without this tape, which was also played twice, which was played after the girl's testimony. This was late in the day. This was on top of their emotionally charged testimony. And also bits of it was played right before the closing argument. I think, as I said, I think this is an emotionally charged 911 call that does not, it doesn't add value to the testimony. I think that it's, I think it greatly prejudices my client because it doesn't provide anything that hasn't already came out in testimony. You know, I'm saying that the values, you know, it's an outweighing factor. I think the value is minimal, and the fact that it was very prejudicial to my client, the weight on it, outweighed it considerably. I mean, there was also testimony even before it was played. You know, the youngest, the youngest daughter was even asked, you know, did you tell your mom, and she said no. There's testimony in there to where the oldest daughter will testify that she told her mother, and then on cross, she says, I might not have told her clearly. I didn't say it that way. I didn't use these specific words. Well, did they also say that their mother told them to say that the 911 call occurred because the youngest daughter had a bloody nose and was frightened? There's testimony to that fact. Yes, at that time, but I don't think there's adequate evidence to show that she was trying to hide something there, and I don't think that that was brought up, really that was brought up in argument that that was the reason. I think the reason that it was provided is to show that there could, that she called 911 instead of contacting the mother because she thought the mother wouldn't help, when it's our belief that she called 911 because she saw her sister being harmed and she was trying to help her sister, and her mom wasn't around. Her mother was in the house. She was in the house, but she wasn't within, the closest thing for help was the phone. I mean, 911's going to be a lot more effective than her mother if she thinks her sister, I think you could reasonably believe that that's what you, that's more likely going to come out of that tape than what the prosecution's trying to say. So you think the members of the jury, using their understanding of life and human nature, would believe that a child who was seeking help would most naturally reach for the phone and call 911 as opposed to saying, mother, this man is doing bad things to my sister. A lot of times with 911 calls, a lot of times when they're used, it would be considered the person would be excited, and when the person's excited, it's really hard to get into the mind. The person's probably coming with the first thing that comes to the person's mind. So, yes, I think that would take precedence over contacting mom. Then it seems to me it would be highly relevant what the call was. And that emotional state of the individual when they made the call. And I agree it's relevant what the call was, but what I don't agree with is that the call itself has prejudicial value. The call itself was adequately described in testimony, in cross-testimony, by the oldest daughter and the youngest daughter. I think the plane of the tape is overkill, and I think that adds the prejudicial effect to this case. And then what I'd like to address is the third prong, is the state being allowed to recall witness prior to arresting this case when improperly allowed and in plain error. In this case, the youngest daughter was called up twice.  And the testimony that involved, did you tell them what had been happening to you? Answer, yes. Did you ever tell your mom? Answer, no. To where the youngest daughter was brought up again to go towards the mindset, the knowledge of the defendant. What the state was seeking out on this was conversations held with the youngest daughter in earlier interview performed. And this is basically going after the same prong that they failed to have to bring through on their direct of the youngest daughter. And I think that would be, once again, prejudicial to the client. Is that a matter addressed at the court's discretion? I think so, unless it would be plain error. So no reasonable person in the court's position could conclude that this was reasonable or appropriate to let the state recall this witness? I think in this case, Your Honor, what the evidence that they were seeking out was cumulative, and it was an error. I think it was accumulative. That wasn't my question. No reasonable person could conclude that it would be appropriate to let the state, in the court's discretion, recall this witness? I think it would be possible, Your Honor. But as I said before, I think, if you look at it, I think there was a clear and obvious error that did occur. I believe it was cumulative. I think, you know, according to people, the Johnson, the evidence was closely balanced with the Reed. With the recalling of the witness, with the introduction of the 911 tapes, with the failure for the motion to eliminate, I think my client was prejudiced. I think that tipped the scales in favor of the plaintiff. And I think that it should be overturned for these reasons, and I think that this should be remanded for a new trial. Thank you. Thank you, counsel. Mr. Dodeghi? May it please the court, counsel. As has been stated, a defendant was charged with permitting the sexual abuse of a child and with domestic battery. She was found guilty of permitting the sexual abuse of a child after a jury trial. As noted, the defendant has raised three issues on appeal. Absence by questions by the court, I'll just address briefly the first issue. In its brief, the state contended that this issue had been forfeited by the state. Because it was not raised in a post-trial motion. Accordingly, this issue, to be reviewable, would have to constitute plain error. The first error, of course, in the plain error review is whether there was error at all. And this issue has been discussed by some degree by this court. As to the initial question, I won't make any additional comments. Again, absent questions by the court. As to the plain error aspect of the issue, the defendant would have to establish either that the evidence was closely balanced, or that the admission of the 9-1-1 tape, 9-1-1 recording, deprived her of a fair trial. As far as I can tell, the defendant did not argue that the evidence was closely balanced as to this issue. Further, I would suggest that the defendant could not successfully make such an argument even if she were to attempt to do so. The test is whether or not the evidence was so closely balanced that the alleged error alone threatened to tip the scales of justice against the defendant. The primary contested issue in this case was defendant's knowledge. The 9-1-1 phone call, in the 9-1-1 phone call, the younger daughter stated that she was being molested, her older sister was being molested, their ages, and their address. This did not directly address the issue of defendant's knowledge of the sexual abuse. The defendant's knowledge was established by the testimony of the older daughter as to that she had been sexually abused by Kent Korosh. There is no reasonable probability that this evidence could tip the scales of justice against the defendant. Defendant does argue that the admission of the tape denied her a fair trial, and this is based on the concept that the tape was somehow passionate and that it was cumulative. I'm not sure what defendant means by passionate evidence, but certainly in child sexual abuse cases, juries are naturally going to be exposed to evidence which is emotionally charged. As far as defendant's argument that the evidence is cumulative, defendant makes no argument as to why cumulative evidence is unnecessarily prejudicial. In summary, the statements on the recording pertaining to the molestation of the older daughter were relevant. Further, the statements pertaining to molestation were cumulative. The condition to issue a trial was defendant's knowledge. None of the statements in the recording pertain to defendant's knowledge. Defendant has failed to establish that any statements in the 911 phone call were unduly prejudicial. Therefore, the alleged error could not have challenged the integrity of the judicial system. That concludes my prepared remarks. I'm available for questions. Counsel for the appellant has argued, in his brief anyway, that trial counsel was ineffective because although he filed a motion in limine that was denied regarding the 911 tapes, he failed to object at trial. He did not raise it in his post-trial motion either. Is an objection at trial required once a motion in limine is denied to preserve the error? There appears to be a split in authority on that question. The Supreme Court in one case, which is cited in the state's brief, said that it was not required, and that was a criminal case. In another case, a subsequent case, civil case, it said that it was required. Civil cases are treated differently than criminal. I'm getting into an area that I didn't discuss at any length in the brief, but I think in this area they're treated the same. But wait, you just said in a criminal case the Supreme Court said an objection is not necessary. That's correct. The Supreme Court has gone two different ways on this issue. So then why did you say they're treated the same? When I was saying that they were treated the same, I meant that civil cases and criminal cases in this area are treated the same as far as whether or not an objection is necessary. And it's just the fact that the Supreme Court has given two different decisions. There's a conflict between those decisions. Right, but the conflict is in civil cases they say you have to object also, but in criminal cases, once the motion in limine is denied, the defendant doesn't need to object Again, I believe, and I didn't go into this issue in detail in the brief, I believe that the current view of some of the other appellate districts is that in order to preserve the issue, where there is a motion in limine filed, you have to object also to the introduction of the evidence. But the Supreme Court has said you don't need to. Well, but it's also said the other way. I didn't think to brief this issue because it wasn't necessary. Let's say, as I understand it, some of the other districts that have addressed this issue have said this is something the Illinois Supreme Court should clarify. Nevertheless, you would have to file a post-trial motion recently to preserve it. Definitely, yes. And that's why I didn't try to address that issue. Alright, any other questions for Mr. Dordogne? Thank you, Mr. Dordogne. Rebuttal, Mr. Nucky? Alright, well then we'll take this matter under advisement and be in recess until the next case.